# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY E. CLARK,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.:** |
| ] | **1:07-CV-337-VEH** |
| **THE SALVATION ARMY, LLC,** ] | |
| a corporation, ] | |
| ] | |
| **Defendant.** ] | |

## **MEMORANDUM OPINION**

### **I.    INTRODUCTION**

Plaintiff Anthony E. Clark ("Clark") filed this Title VII job discrimination case asserting claims of disparate treatment on the basis of religion (count one), retaliation (count two), and constructive discharge (count three) against The Salvation Army, LLC ("TSA") on February 21, 2007. (*See generally* Doc. #1). On March 10, 2008, TSA filed a Motion for Summary Judgment (Doc. #16) and on March 17, 2008, a supplement thereto (Doc. #16), seeking a dismissal of all three (3) counts.

After obtaining an extension of time, Clark filed his opposition (Doc. #19) on April 2, 2008. In his opposition, Clark expressly "elects not to pursue his retaliation and constructive discharge claims." (Doc. #19 at 29). Accordingly, the only count that is still substantively at issue at this stage is Clark's disparate treatment claim on

the basis of religion.

On April 14, 2008, TSA filed its reply.  As explained below, the court concludes that TSA's Motion for Summary Judgment is due to be granted, and Clark's case is due to be dismissed with prejudice.

## II.   STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R .Civ. P. 56. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  ANALYSIS[1]

Having fully considered the parties' briefs and evidentiary filings, the court concludes that TSA has met its burden on summary judgment that Section 702, as amended, exempts it from <u>any</u> claims of religious discrimination under Title VII. Section 702 of the Civil Rights Act of 1964, 78 Stat. 255, as amended, 42 U.S.C. §

---

[1]The court's ruling on summary judgment does not require a conventional statement of material facts.

2000e-1, makes Title VII's prohibition against religious discrimination inapplicable to employees of religious entities and states in relevant part:

> This subchapter [*i.e.*, Title VII] shall not apply to an employer with respect to the employment of aliens outside any State, or to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities.

42 U.S.C. § 2000e-1(a); *see also Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints v. Amos*, 483 U.S. 327, 329 (1987) ("Section 702 of the Civil Rights Act of 1964, 78 Stat. 255, as amended, 42 U.S.C. § 2000e-1, exempts religious organizations from Title VII's prohibition against discrimination in employment on the basis of religion.").[2]

---

[2]As the Supreme Court explained the change in the scope of protection afforded under Section 702:

> Prior to that time, § 702 exempted <u>only the religious activities</u> of religious employers from the statutory proscription against religious discrimination in employment. The 1972 amendment <u>extending the exemption to all activities of religious organizations</u> was sponsored by Senators Allen and Ervin. Senator Ervin explained that the purpose of the amendment was to "take the political hands of Caesar off of the institutions of God, where they have no place to be." 118 Cong. Rec. 4503 (1972).

*Amos*, 483 U.S. at 332 n.9; *see also Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 246 n.12 (S.D.N.Y. 2005) ("The original version of Section 702 provided in pertinent part as follows: This subchapter shall not apply ... to a religious corporation, association, or society with respect to the employment of individuals of

In opposing summary judgment, Clark has not factually or legally challenged TSA's status as a religious organization that benefits from the protections of Section 702, as amended.[3] Instead, Clark focuses on the application of the more limited so-called ministerial or church-minister exception applicable to religious organizations under Title VII,[4] which is not even at issue in this case. Accordingly, summary

---

a particular religion to perform work connected with the carrying on by such corporation, association, or society of its religious activities...."); *Lown*, 393 F. Supp. 2d at 247 ("In 1972, Congress amended Section 702 to provide religious organizations <u>broader protection</u> than that implicated by the Ministerial Exception.") (emphasis added).

[3] In *McClure v. Salvation Army*, 460 F.2d 553, 554, 556 n.5, 556, 558 (5th Cir. 1972), the former Fifth Circuit referred to the Salvation Army entity in that case as a church, cited to several cases that had previously recognized the Salvation Army's status as a religious organization, noted that "neither Mrs. McClure nor the EEOC, as *amicus curiae*, question[ed] the Salvation Army's status as a religion[,]"and considered protections afforded to it in context of a religious organization under Section 702.

[4] "Courts have called this exception both the church-minister exception and the ministerial exception." *See Combs v. Central Texas Annual Conference of United Methodist Church*, 173 F.3d 343, 345 n.3 (5th Cir. 1999)  Within the Eleventh Circuit, the ministerial exception stems from the former Fifth Circuit's holding in *McClure*. *See Combs*, 173 F.3d at 345. In *McClure*, the court, relying upon "principles of the free exercise clause of the First Amendment" held that "Congress did not intend, through the nonspecific wording of the applicable provisions of Title VII, to regulate the employment relationship between church and minister." 460 F.2d at 560-61. Based upon this ministerial exception, the former Fifth Circuit affirmed the district court's dismissal of the complaint filed by Ms. McClure alleging gender discrimination and retaliation (as opposed to religious discrimination). *Id.* at 555, 561. More specifically she maintained "that she had received less salary and fewer

judgment is due to be entered in favor of TSA due to its exempt status from claims of religious discrimination by <u>any</u> of its employees pursuant to Section 702, as amended, and the court therefore does not reach the merits of the parties' other arguments on summary judgment.

## IV.   CONCLUSION

For the reasons set forth above, summary judgment in favor of TSA is due to be entered.  A separate order dismissing this case with prejudice will issue.

**DONE** and **ORDERED** this the 16th day of June, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

benefits than that accorded similarly situated male officers, also that she had been discharged because of her complaints to her superiors and the Equal Employment Opportunity Commission [EEOC] with regard to these practices." *Id.* at 555.